USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ENRIQUE SANCHEZ,

        Plaintiff,

- v. -

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**ORDER**

16 Civ. 7775 (PGG) (DCF)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Luis Enrique Sanchez filed this action on October 5, 2016, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying him Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on the ground that he was not disabled. (Dkt. No. 1) On October 11, 2016, this action was referred to Magistrate Judge Debra C. Freeman for a Report and Recommendation ("R&R"). (Dkt. No. 6) On April 24, 2017, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 12), and Defendant filed a cross-motion for judgment on the pleadings on June 22, 2017. (Dkt. No. 14)

        On February 28, 2018, Judge Freeman issued an R&R recommending that this Court grant the Commissioner's motion for judgment on the pleadings and dismiss the Complaint. (R&R (Dkt. No. 16)) The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. at 45-46; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate

judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations")) No objections to the R & R have been filed by either side.

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Because no objections have been filed, this Court will review the R & R for clear error.

Having conducted a review of the R&R, the Court finds that the R&R is not clearly erroneous and, in fact, is extremely thorough, well-reasoned, and entirely in conformity with the law. Judge Freeman finds that "substantial evidence supported the ALJ's weighing of the medical evidence with respect to Plaintiff's mental impairments, such that, absent any other error, the ALJ's decision should stand." (R&R (Dkt. No. 16) at 44) As to Plaintiff's alleged physical impairments, Judge Freeman rejected Plaintiff's argument that – when considered together with his mental impairments – they require a finding that he is disabled. (Id.) In connection with this issue, Judge Freeman considered Plaintiff's contention that the ALJ's failure to incorporate Plaintiff's use of a cane into the hypothetical questions posed to the vocational expert constitutes legal error. Judge Freeman rejected Plaintiff's argument, because

2

the "medical evidence undercuts Plaintiff's credibility regarding his need for a cane." (Id. at 45) This Court agrees with Judge Freeman's analysis and recommendation. Accordingly, the R&R's recommendations are adopted in their entirety, and the Commissioner's motion for judgment on the pleadings will be granted.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is granted. The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 12, 14), and to close this case. Because the parties did not object to the R&R adopted herein, appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988).

Dated: New York, New York
      March 23, 2018        SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3